IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DAWN and PHILIP KETCHUM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00512-DGK |
| | ) | |
| LAKEVIEW LOAN SERVICING LLC, | ) | |
| LOANCARE LLC, | ) | |
| SOUTHLAW PC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICITON</u>**

This lawsuit arises from *pro se* Plaintiffs Dawn and Philip Ketchum's' allegations that Defendants defrauded them in connection with their residential mortgage, a mortgage which apparently has been foreclosed upon and the property sold on June 30, 2025. The defendants are a list of every entity associated with foreclosure on the property as well as several unknown individuals, for example, "John Doe 1-3" and "Any Unknown Parties Asserting Claims."

Pending before the Court are Plaintiffs "Motion for Granting Plaintiff's Bill Quia Timet to Quiet Title," ECF No. 2; what appears to be a revised version of the motion, a "Motion to Grant Plaintiff's Bill Quia Timet to Quiet Title," ECF No. 4; and a letter which the Court construes as a motion for the Court to order the U.S. Marshals to serve each Defendant, ECF No. 5. Because the Court lacks subject matter jurisdiction (that is, legal power) to hear this dispute, the motions are denied, and this case is DISMISSED WITHOUT PREJUDICE.

Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Whenever it appears that a federal court lacks subject matter

jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

In this case, the First Amended Verified Complaint ("the Complaint"), ECF No. 3, alleges "This Court has jurisdiction under 28 U.S.C. § 1331 (federal questions), 28 U.S.C. § 1343 (civil rights), and Article III of the Constitution." Compl. ¶ 1. Although the Complaint purports to assert four counts, in reality it asserts a single count ("Count IV – Fraud in the Factum and Structured Commercial Fraud"), and seeks four remedies: (1) "the ancient equitable remedy of quia timet to restrain imminent injury from unlawful enforcement of a void or fraudulent claim of title," Compl. ¶ 14; (2) a declaration that "Defendants have no valid or enforceable interest in the subject property," Compl. ¶ 18; (3) a declaration that "Plaintiffs hold superior equitable and possessory interest," ¶ 20; and (4) an injunction preventing Defendants "from further attempts to foreclose or record related documents," as well as preventing "any state actor" from "enforcing any alleged sale recorded on June 30, 2025," Compl. ¶ 21.

The Court holds it lacks subject matter jurisdiction over this case for two independent reasons. First, notwithstanding Plaintiffs' bald assertion, this case does not present a federal question or a civil rights question. The Complaint alleges common law fraud, which is a state law claim. And although this court is a federal district court created under the authority of Article III of the Constitution, that does not mean a case filed here bringing a state law claim is one this Court is authorized to hear by the Constitution.

Second, this Court lacks subject matter jurisdiction to hear this case pursuant to the Rooker-Feldman doctrine. Although the Complaint is short on details, it appears Plaintiffs are aggrieved by the foreclosure and subsequent sale of their home on June 30, 2025, events authorized by a Missouri court which Plaintiffs contend were illegal and unconstitutional. Compl. ¶¶ 3 (describing

their mortgage), 11 (identifying June 30, 2025, as the date "the foreclosure was supposedly finalized"), 17 ("Because the foreclosure and all ensuing state action are premised on a judgment rendered in a venue that lacked jurisdiction over the subject property . . . Legal process has reinforced a presumption of title legitimacy without affording Plaintiff due process or a lawful forum to challenge that presumption."). Plaintiffs have subsequently come to this federal district court, believing "[o]nly this Court, sitting in equity, can grant the relief necessary to prevent continuing harm and restore the status quo ante." Compl. ¶ 17. In other words, Plaintiffs contend the Missouri state court system has erred, and this district court should intervene to set the matter right.

The problem with this request is that federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine provides that federal district courts, such as this one, may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (holding the Rooker-Feldman doctrine prohibits a lawsuit brought in federal district court alleging a state court wrongly decided custody issues and unconstitutionally infringed on the plaintiff's rights). This doctrine forecloses both straightforward appeals from state court decisions and "also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It also prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where

the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). In this case, because Plaintiffs' lawsuit can only succeed if the Missouri judicial system wrongly approved foreclosure on their home, the Rooker-Feldman doctrine bars this Court from hearing this lawsuit.

Hence, the Court lacks subject matter jurisdiction to hear this case, and so it must be DISMISSED. Plaintiffs' pending motions are DENIED WITHOUT PREJUDICE as MOOT.

**IT IS SO ORDERED.**

Date:   July 14, 2025                                                     /s/ Greg Kays
                                                                             GREG KAYS, JUDGE
                                                                             UNITED STATES DISTRICT COURT